# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHAD EDWARD WEISS,**

    **Plaintiff,**

    v.                              **CASE NO. 18-3112-SAC**

**JEFF EASTER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Chad Edward Weiss is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this case should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given an opportunity to file a proper amended complaint.

## I. Nature of the Matter before the Court

Plaintiff alleges in his Complaint that he was admitted to the Sedgwick County Detention Center on January 2, 2018, with "a life threatening brain injury with skull fragments" in his brain. Plaintiff alleges that the denial and delay in providing medical care causes him to experience excruciating pain and could cause him to "die anytime." Plaintiff alleges emotional and mental scarring.

Plaintiff alleges that since his arrive on January 2, 2018, he has been under the care and treatment of Correct Care Solutions. Plaintiff informed Lisa K. Ireland, LPN, that he has a "hole in [his] head with bone fragments in [his] brain" causing severe head pain and numbness on his right side and right arm. Plaintiff had stitches in his head and jaw at the time and still has a big

indention on the top left section of his skull.  Nurse Ireland stated that Plaintiff had no physical injuries that could be seen.   (Doc. 1, at 7.)

Plaintiff filed a "sick call" on January 3, 2018, indicating he was experiencing severe head pain, and that it was hard for him to eat due to his broken jaw.  LPN Laura responded on January 5, 2018, stating that Plaintiff would see the doctor soon.  Plaintiff filed another medical request on January 10, 2018, telling medical staff that he was experiencing "seriously severe head pains due to bone fragments that are more than an inch in [his] brain."  *Id*.  RN Shana responded that Plaintiff was scheduled to see a doctor and that she did not know why Plaintiff was not seen on the 5th.  Plaintiff was seen by medical staff on January 21, 2018, and they ordered an x-ray to be done on January 24, 2018, by P.A. Radiologist William Wondra.

On January 25, 2018, Plaintiff requested the results of his x-ray.  On January 27, 2018, RN Shana M. Bock responded that they had not received the x-ray but that a brief initial review of the x-ray indicated that a CT scan would be ordered.  On February 9, 2018, Plaintiff was taken to Via Christi for a CT scan.  On February 12, 2018, Plaintiff asked for the results of his CT scan and on February 15, 2018, RN Kim told Plaintiff that they did not have the results yet.  Plaintiff asked for the results again on February 22, 2018, and was told that he had a lot of bone fragments "more than an inch" in his brain and that Dr. Harold Stopp was ordering a consultation with an outside neurologist.  On April 4, 2018, Plaintiff saw Dr. Marfarrij, a brain surgeon, who asked if Plaintiff wanted surgery.  Plaintiff responded that he did because he was having severe head pain, numbness on his right side and right arm, and he had "fallen out twice."  *Id*. at 8.  Dr. Marfarrij said he would schedule Plaintiff for surgery.

When Plaintiff returned to the Sedgwick County Jail he was taken to the clinic where he spoke with Denise, the director of nursing, and Dr. Harold Stopp, and they both told Plaintiff that

they would send a referral for the surgery, but that most likely it would be denied by the Correct Care Solutions ("CCS") Medical Director. On April 15, 2018, Plaintiff submitted another sick call to the clinic, asking about his referral for surgery. LPN Veronica told Plaintiff that it had not yet been approved because "it is an elective procedure." Plaintiff alleges that Dr. Stopp and Denise, director of nursing, have denied him surgery to remove the bone fragments in his brain.

Plaintiff alleges cruel and unusual punishment and deliberate indifference to his serious medical needs. Plaintiff names as defendants: Sheriff Jeff Easter; Dr. Harold Stopp; LPN Lisa K. Ireland; RN Shana M. Bock; Denise (lnu), CCS Director of Nursing; RN James P. Alexander; PA William Wondra; RN Brittany N. Frazier; LPN Molly Rosemary Beck; LPN Mary K. Smith; NP Travis Nickelson; and LPN Brian Dry. Plaintiff seeks $200,000,000 in damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts

all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### *1. Personal Participation*

Plaintiff's allegations suggest that the "CCA Medical Director"—who is not a named defendant—was responsible for denying his surgery. Plaintiff has failed to allege how the named CCA medical providers personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Any amended complaint filed by Plaintiff should name each individual defendant as directly involved in each scenario and describe the acts or inactions of that person which allegedly violated his constitutional rights.

### a. Sheriff Easter

Plaintiff has failed to allege any personal involvement by Defendant Easter. The claims against Sheriff Easter require proof that he personally committed a constitutional violation. *Keith v. Koerner*, 843 F.3d 833, 837–38 (10th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")). It is not enough that a defendant acted in a supervisory role when another defendant violated a plaintiff's constitutional rights. *Keith*, 843 F.3d at 838.

Plaintiff "must show an affirmative link between [Easter] and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Id*. (internal quotation marks omitted) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Dodds*, 614 F.3d at 1195)). Because Plaintiff has failed to allege any personal involvement by Defendant Easter, his claims against him are subject to dismissal.

### 2. Exhaustion of Administrative Remedies

Plaintiff states in his Complaint that he has sought administrative relief as follows: "through personal communication and electronic 'Kite' messaging system, made numerous attempts to obtain medical treatment for my serious life threatening brain injury." (Doc. 1, at 11.) It appears as though Plaintiff may be referring to his "sick call" requests.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies prior to

filing a lawsuit in federal court regarding prison conditions. 42 U.S.C. § 1997e(a).

Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).[1] While failure to exhaust is an affirmative defense rather than a pleading requirement, and a plaintiff is not required to plead it in the complaint, when that failure is clear from materials filed by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

This action is subject to dismissal because it appears from the face of the Complaint that Plaintiff failed to fully and properly exhaust all available prison administrative remedies on his claims prior to filing this action in federal court. Because failure to exhaust appears from the face of the Complaint, Plaintiff is required to show that he has fully and properly exhausted on each of the grounds raised in the Complaint.

---

[1] To satisfy this requirement, a prisoner must fully comply with the institution's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Little,* 607 F.3d at 1249 (The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures.") (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim. . . ." *Id.* (citing *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002)).

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file a complete and proper amended complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **August 3, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 3, 2018**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

---

[2] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3112-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 3rd day of July, 2018.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**