# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHAD EDWARD WEISS,**

      **Plaintiff,**

      **v.**                              **CASE NO.  18-3112-SAC**

**JEFF EASTER, et al.,**

      **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983.  The Court granted Plaintiff's motion to proceed *in forma pauperis* on June 18, 2018.  (Doc. 6.)  On July 3, 2018, the Court entered a Memorandum Order and Order to Show Cause (Doc. 7) ("MOSC"), directing Plaintiff to either show cause why his Complaint should not be dismissed or to file a proper amended complaint to cure the deficiencies set forth in the MOSC.  On December 18, 2018, the Court entered an Order to Show Cause (Doc. 14) granting Plaintiff until January 7, 2019, to show cause why this action should not be dismissed for failure to prosecute.  The Court granted Plaintiff's motions for extensions of time, and his responses to the MOSC and to the Order to Show Cause are due March 7, 2019.

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 17).  Plaintiff argues that he is indigent, his imprisonment will greatly limit his ability to litigate, the issues involved in the case are complex and will require significant research and investigation, Plaintiff has limited access to the law library, he has limited knowledge of the law, and a trial will likely involve conflicting testimony and the cross-examination of witnesses.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no

constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's complaint survives screening.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 17) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 19th day of February, 2019.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
