# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHAD EDWARD WEISS,**

    **Plaintiff,**

    v.                                                  CASE NO. 18-3112-SAC

**JEFF EASTER, et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff's motion to proceed *in forma pauperis* on June 18, 2018. (Doc. 6.) On March 13, 2019, the Court dismissed this matter without prejudice under Fed. R. Civ. P. 41(b). (Doc. 19.) On April 24, 2019, the Court entered an Order (Doc. 24) granting Plaintiff's motion to reopen.

Plaintiff claims he was denied proper medical care during his detention at the Sedgwick County Jail in Wichita, Kansas. On April 24, 2019, Plaintiff filed an Amended Complaint (Doc. 25) in which he states "amend this from federal to state court because this is a medical malpractice suit. I don't know how to." (Doc. 25, at 2.) Because this Court does not transfer cases to state court, the Court will give Plaintiff an opportunity to voluntarily dismiss this action if he intends to pursue a state court action.

The Eighth Amendment prohibits "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, a claim of medical malpractice lacks constitutional significance, and instead is a tort claim that must be pursued in the state courts. *See id.* at 105–106 (a negligence claim does not state a valid Eighth Amendment claim and medical malpractice does not become a constitutional violation merely because the victim is a prisoner).

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **June 21, 2019,** in which to request voluntary dismissal of this action if he intends to pursue his claim in state court.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 31st day of May, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**