KEVIN T. STAMPER, S.C.# 18824
Assistant County Counselor
Sedgwick County Courthouse
525 North Main, Suite # 359
Wichita, Kansas 67203
(316) 660-9340
E-Mail:  kevin.stamper@sedgwick.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHAD EDWARD WEISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 5:18-cv-03112-SAC |
| vs. ) | |
| ) | |
| CORRECT CARE SOLUTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF THE SEDGWICK COUNTY DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

COME NOW, on this 16th day of March, 2020, Defendant Sedgwick County Sheriff Jeff Easter, Lt. Woodson, and Sgt. Tucker, through their attorney, Kevin T. Stamper, Assistant County Counselor, and hereby submit this Reply in Support of their Motion to Dismiss.  These Moving Defendants timely filed their Motion on January 9, 2020 [Doc. 58].  This Reply is also intended to address Plaintiff's Response to the Order to Show Cause [Doc. 68].  As their Reply, these Moving Defendants allege and state as follows, to-wit:

**NATURE OF THE CASE**

Plaintiff has named a variety of Defendants, including various medical providers, the Sheriff of Sedgwick County, and a number of deputies, alleging that he was denied medical care,

1

constituting alleged Constitutional violations, pursuant to the Eighth and Fourteenth Amendments. Since the constitutional deprivation alleged is founded in failure to provide or some manner of denial of competent care, Plaintiff must establish: (1) The named Defendants here had a duty to provide care and that same must meet a legally-defined standard; (2) that these Moving Defendants, breached a duty they owed Plaintiff; (3) that Plaintiff sustained injuries; and (4) those injuries were caused by some deviation from the standard of care by these Moving Defendants.  Puckett v. Mt. Carmel Regional Medical Center, 290 Kan. 406, 420, 228 P.3d 1048 (2010).  It should be noted that these Moving Defendants are not health care providers utilizing any definition provided by Kansas law.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on April 30, 2018 [Doc. 1], and on or about July 3, 2018, the Court Ordered Plaintiff to show cause as to why the claims against these Moving Defendants should not be dismissed, indicating:

> Plaintiff has failed to allege how the named CCA medical providers personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Kentucky v. Graham, 473 U.S. 159, 165–66 (1985); Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006); Foote v. Spiegel, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.
>
> Any amended complaint filed by Plaintiff should name each individual defendant as directly involved in each scenario and describe the acts or inactions of that person which allegedly violated his constitutional rights.

2

> a. **Sheriff Easter**
>
> Plaintiff has failed to allege any personal involvement by Defendant Easter. The claims against Sheriff Easter require proof that he personally committed a constitutional violation. Keith v. Koerner, 843 F.3d 833, 837–38 (10th Cir. 2016) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")). It is not enough that a defendant acted in a supervisory role when another defendant violated a plaintiff's constitutional rights. Keith, 843 F.3d at 838.
>
> Plaintiff "must show an affirmative link between [Easter] and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Id*. (internal quotation marks omitted) (citing Schneider v. City of Grand Junction Police Dep't., 717 F.3d 760, 767 (10th Cir. 2013) (quoting Dodds, 614 F.3d at 1195)). Because Plaintiff has failed to allege any personal involvement by Defendant Easter, his claims against him are subject to dismissal.

[Doc. 7 at 5-6].

Plaintiff filed his Amended Complaint [Doc. 27] on April 24, 2019, following a protracted period where the case had been dismissed and reopened. The Amended Complaint was subjected to the screening process and the Court Ordered that a Martinez Report be submitted [Doc. 28]. The Martinez Report was prepared by counsel for these Moving Defendants, and submitted on December 10, 2019 [Doc. 51]. As the Court had not acted by the deadline for a responsive pleading, these Moving Defendants filed their Motion to Dismiss [Doc. 58]. Plaintiff filed no Response specifically to Document 58, but instead provided Document 68, a Response to the Court's Order to Show Cause [Doc. 66].

## ARGUMENTS AND AUTHORITIES

In his March 10, 2020 filing [Doc. 68], Plaintiff was to either: (1) explain, in writing, why he did not file a timely respose to these Defendants' Motion to Dismiss or (2) file his response to these

3

Defendants' Motion to Dismiss. Document 68 fails to mention Sheriff Easter, Lt. Woodson, or Sgt. Tucker at all, let alone respond substantively or procedurally to the Motion to Dismiss. Further, Plaintiff has failed to state any good (or other) reason that he failed to respond to the pending Motion. Indeed, his only claim is that he did not know he was supposed to file a response. None of this accounts for his actions taken after the February 26, 2020 Order of the Court, wherein the opportunity to file a Response to Defendants' Motion to Dismiss was provided, granting until March 10, 2020 to do same, and Plaintiff **still** failed to do so.

In Document 66, the Court's Order to Show Cause, indicates that if Plaintiff failed to show good cause for his failure to file a Response, and failed to file such a response, that the Court would take up Defendants' Motion to Dismiss "without benefit of Plaintiff's response." [*Id.* at 2]. Plaintiff failed to avail himself of that opportunity, and has indeed failed in his obligation to specifically state the actions or inactions of Sheriff Easter, Lt. Woodson, or Sgt. Tucker giving rise to viable claims against them. As a result, Defendants' Motion should proceed on the merits.

## **CONCLUSION**

`       Plaintiff claims he was subjected to cruel and unusual punishment, in violation of his rights under the Eighth and Fourteenth Amendments, solely based on the medical care provided him while an inmate at the Sedgwick County Adult Detention Facility. These Defendants never provided medical care, nor deprived Plaintiff of an opportunity to obtain same. These considerations, as set forth in the Martinez Report and the Motion to Dismiss, as well as the qualified immunity of these Moving Defendants, required dismissal of the instant action.

OFFICE OF THE COUNTY COUNSELOR

s/ *Kevin T. Stamper*
Kevin T. Stamper, S.C.# 18824
Attorney for Defendants
Assistant County Counselor
Sedgwick County Courthouse
525 North Main, Suite # 359
Wichita, Kansas 67203
(316) 660-9340

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above Reply in Support of Motion and Memorandum was filed via the Electronic Filing System on the evening of the 16th day of March, 2020, and was mailed by placing the same in the United States Mail, postage prepaid, to:

>Chad Edward Weiss
>141 W. Elm
>Wichita, Kansas 67203

OFFICE OF THE COUNTY COUNSELOR

s/ *Kevin T. Stamper*
Kevin T. Stamper, S.C.# 18824
Attorney for Defendants
Assistant County Counselor
Sedgwick County Courthouse
525 North Main, Suite # 359
Wichita, Kansas 67203
(316) 660-9340
E-Mail:  kevin.stamper@sedgwick.gov